IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESLEY SWINDLE, and RENEE SWINDLE, <br><br> Plaintiffs, <br><br> v. <br><br> YOKOHAMA TIRE CORPORATION A/K/A YOKOHAMA, et al., <br><br> Defendants. | Case No. 1:21-cv-3509 <br><br> JURY TRIAL DEMANDED |

### YOKOHAMA TIRE CORPORATION'S NOTICE OF REMOVAL

Defendant Yokohama Tire Corporation (hereinafter, "Yokohama" or "Removing Defendant"), by and through its attorneys, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of the action styled *Wesley Swindle and Renee Swindle v. Yokohama Tire Corporation a/k/a Yokohama, et al*, Case No. 2021-L-005423 (the "Action"), from the Circuit Court of Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois.

This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1441(b), in that the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states. In support of this Removal, Yokohama states as follows:

**I.     NOTICE OF REMOVAL IS TIMELY**

1. On or about May 26, 2021, Plaintiffs Wesley Swindle and Renee Swindle ("Plaintiffs") filed a Complaint against Defendant Yokohama, Defendant TA Operating LLC, d/b/a Travelcenters of America, LLC ("TCA"), Defendant TA Truck Services ("TA Services"),

and Quest Global, Inc., d/b/a Quest Trucking ("Quest Global," and collectively with Yokohama, TCA, and TA Services, the "Defendants") in Cook County, State of Illinois, seeking damages for personal injuries allegedly arising out of a semi-truck accident. This case has been assigned Case No. 2021-L-005423. *See* Plaintiffs' Complaint, attached hereto and incorporated herein by reference as Exhibit A.

2. Yokohama was served with the Summons and Complaint on June 3, 2021, through its designated agent for service of process, CT Corporation System.

3. Upon information and belief, Defendants TCA and TA Services were served with a copy of Plaintiffs' Summons and Complaint on June 8, 2021. Defendants TCA and TA Services consent to this Notice of Removal. *See* Exhibit B, June 29, 2021 Email from P. Kegler to C. Trent.

4. Accordingly, all defendants that have been properly served and joined consent to removal of this action. *See* 28 U.S.C. § 1446(b)(2).

5. To date, upon information and belief, Defendant Quest Global has not been properly joined and served and therefore their consent is not required for removal.[1] 28 U.S.C. § 1441(b)(2); *Northern Illinois Gas Co. v. Airco Indus. Gases, A Division of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982) ("As a general rule, all defendants must join in a removal petition in order to effect removal."); *see also Marquette v. Matra Transport, S.A.*, No. 96-C-6768, 1997 WL 222933, *3 (N.D. Ill. May 1, 1997) ("Consent is not required, however, from any defendant not properly served at the time of the removal.").

---

[1] Counsel for Yokohama attempted to contact the registered agent for Quest Global to inquire into the status of service but has been unable to reach him. However, neither Quest Global's lack of consent nor its citizenship bar removal. The citizenship of defendants who have not been properly served should not be considered for diversity jurisdiction purposes. 28 U.S.C. § 1441(b)(2); *Howell v. Joffe*, 478 F. Supp. 2d 1014, 1017 (N.D. Ill. 2006) ("Section 1441 provides that actions removal under diversity of citizenship jurisdiction are removable only if 'none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'"). Regardless, as described below, the citizenship of Defendant Quest Global does not destroy diversity jurisdiction as it is diverse from Plaintiff.

6. This Notice of Removal is timely under 28 U.S.C. § 1446(b), because it is filed within 30 days of Yokohama's receipt of Plaintiffs' Complaint, and within one year of the commencement of the Action.

## II. DIVERSITY JURISDICTION EXISTS

7. This Court has original subject matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), because (a) there is complete diversity of citizenship among the parties; and (b) the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and cost.

### A. Plaintiffs and the Defendants are Citizens of Different States.

8. Upon information and belief, Plaintiffs are individuals domiciled in the State of Montana, and, therefore, for the purposes of this Notice of Removal, Plaintiffs are citizens of the State of Montana. *See* Ex. A, Compl., ¶ 1.

9. Yokohama was at the time of the filing of this lawsuit, and still is today, incorporated in the State of Florida with its principal place of business located at 1 MacArthur Place, #800, Santa Ana, California 92707. *See* Ex. A, Compl., ¶ 2; *see also CCC Information Services, Inc. v. American Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000) (for purposes of diversity jurisdiction, "a corporation is deemed a citizen of the State which it was incorporated and of the State where it has its principal place of business.") Therefore, for the purpose of this Notice of Removal, Yokohama is a citizen of Florida and California.

10. Defendant TCA was at the time of filing of this lawsuit, and still is today, a Delaware Limited Liability Corporation with its principal place of business at 24601 Center Ridge Road, Suite 200, Westlake, Ohio 44145. Ex. A, Compl., ¶ 4. For purposes of the Court's diversity jurisdiction, TCA's citizenship is that of each of its members. *See Hukic v. Aurora Loan Services*, 588 F.3d 420, 427 (7th Cir. 2009). Upon information and belief, the only members of Defendant

TCA are Adam D. Portnoy and Jonathan M. Pertchik. Upon information and belief, at the time of filing of this lawsuit, Adam D. Portnoy was domiciled in and a citizen of the State of Massachusetts. Upon information and belief, at the time of filing of this lawsuit, Jonathan M. Pertchik was domiciled in and a citizen of the State of Ohio. Accordingly, Defendant TCA is a citizen of Massachusetts and Ohio.

11. Defendant TA Services was at the time of filing of this lawsuit, and still is today, a division of Defendant TCA and TCA is the parent company of TA Services. Ex. A. Compl., ¶¶ 6-7. Accordingly, Defendant TA Services is also a citizen of Ohio and Massachusetts. *See LaSalle Messinger Paper Co. v. Climax Press, Inc.*, No. 89 C 3611, 1989 WL 96454, *2 (N.D. Ill. Aug. 16, 1989) ("Although a division of a corporation may sue in its own name, for purposes of federal diversity jurisdiction, the division is treated as a citizen of the state of which the parent company is a citizen.").

12. Defendant Quest Global was at the time of the filing of this lawsuit, and still is today, incorporated in the State of Georgia with its principal place of business located at P.O. Box 3096, Cartersville, Georgia 30120. *See* Ex. A, Compl., ¶ 7.

13. Because Plaintiffs are of different citizenship than all Defendants, there is complete diversity of citizenship in this Action, making it proper for removal pursuant to 28 U.S.C. § 1332(a)(1), (3)(diversity jurisdiction exists between "citizens of different States and in which citizens or subjects of a foreign state are additional parties").

**B.     The Amount in Controversy Requirement is Satisfied.**

14. The amount in controversy requirement under 28 U.S.C. § 1332(a) requires the matter in controversy to exceed the sum or value of $75,000, exclusive of interest and costs.

4

15. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

16. Although Plaintiffs' Complaint prays for judgment "in excess of $50,000.00," a full and fair reading of the Complaint demonstrates that the amount in controversy exceeds $75,000, exclusive of interests and costs. *Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 815–16 (7th Cir. 2006) (finding the amount in controversy satisfied where the lost earnings amounted to $45,000 and future losses, including income foregone or medical expenses incurred, "brings the total over the threshold"); *see also Smith v. American General Life & Accident Ins. Co.,* 337 F.3d 888, 892 (7th Cir. 2003); *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427–28 (7th Cir. 1997).

17. Plaintiffs allege that on or about June 15, 2019, they were contractors of Defendant Quest Global and in use of a company-owned semi-truck during the course of their employment. Ex. A, Compl., ¶ 8. Plaintiffs allege the semi-truck they operated was serviced by Defendant TA, and equipped with Yokohama tires. *Id.*, ¶¶ 9-10. Plaintiffs further allege that the semi-truck malfunctioned, "causing an accident and subsequent personal injuries." *Id.*, ¶ 11.

18. Both Plaintiffs allege that as a result of the accident they "suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind …" and that they were "caused to spend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries …." Ex. A, Compl., ¶¶ 24, 37, 44, 51, 64, 77, 84, 91, 104, 117, 124, 131, 160, 189.

19. Both Plaintiffs also allege that they were "caused to and did lose much time from [] employment, thereby incurring losses of large sums of money; including wage loss …" *Id.*

20. Plaintiffs also bring claims for willful and wanton conduct against Quest Global. *See* Ex. A, Compl., Counts XIII-XIV. *In re StarLink Corn Products Liab. Litig.*, 211 F. Supp. 2d 1060, 1066–67 (N.D. Ill. 2002) (finding punitive damages "count towards the amount in controversy" and denying motion to remand); *see also Loitz v. Remington Arms Co., Inc.*, 138 Ill.2d 404, 402 (1990) (allegations of willful and wanton conduct in conscious disregard for the safety of others entitles a plaintiff to punitive damages).

21. Without admitting the veracity of Plaintiffs' allegations, a reasonable and commonsense reading of the Complaint shows that the amount in controversy requirement has been met.

22. In light of the complete diversity of citizenship between the parties and the requisite amount in controversy, this Court has original jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

### C. All Procedural Requirements are Met.

23. Removal venue exists in the United States District Court for the Northern District of Illinois, and is proper in this Court, because the Circuit Court of Cook County, Illinois (where the Action was originally filed) is within the jurisdiction of the Northern District of Illinois. *See* 28 U.S.C. § 1441(a).

24. Pursuant to 28 U.S.C. § 1441(a), copies of all process, pleadings, and orders on file in the state court, as well as copies of all other process, pleadings, and orders served to date upon the Removing Defendant are attached hereto. *See* Ex A.

25. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it was filed within thirty days after Yokohama was served with a copy of the initial pleading. *See Save-A-Life Foundation, Inc. v. Heimlich,* 601 F. Supp. 2d 1005, 1010 (N.D. Ill. 2009).

26. Pursuant to 28 U.S.C. § 1446(d) prompt written notice of this Notice of Removal is being sent to Plaintiffs and to the Clerk of Court for Cook County, Illinois. Copies of the Notice to Clerk and Notice to Plaintiffs are attached hereto as Exhibits C and D, respectively.

27. Removing Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs, without conceding that Plaintiffs have pled claims upon which relief can be granted, and without admitting that Plaintiffs are entitled to any monetary relief whatsoever (or that the damages they seek may be properly sought).

28. Yokohama reserves the right to amend or supplement this Notice of Removal.

29. Yokohama requests a trial by jury.

WHEREFORE, Yokohama Tire Corporation respectfully removes this action now pending in Cook County, Circuit Court, Illinois, to the United States District Court for the Northern District of Illinois.

Dated: June 30, 2021

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ Jennifer L. Dlugosz
Jennifer L. Dlugosz
Kayla E. Foley
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606-3912
TELEPHONE: 312.526.1522
FACSIMILE: 312.655.1502
jen.dlugosz@huschblackwell.com
kayla.foley@huschblackwell.com

*Attorneys for Defendant Yokohama Tire Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June, 2021, the foregoing, **Notice of Removal**, was sent via electronic mail and via first-class U.S. Mail, postage prepaid, to the following attorney representing the Plaintiffs in the State Court Action:

Jason H. Sherwood
Brett N. Kaplan
Sherwood Law Group, LLC
218 N. Jefferson, Suite #401
Chicago, Illinois 60661
Ph: 312.627.1650
Fax: 312.648.9503
jhs@sherwoodlawgroup.com
bnk@sherwoodlawgroup.com

                                          /s/ Jennifer L. Dlugosz