# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
06/03/2021
CT Log Number 539669779

**TO:** Ronald Steranko
Yokohama Tire Corporation
ONE MACARTHUR PLACE, SUITE 800
SANTA ANA, CA 92707

**RE:** **Process Served in Illinois**

**FOR:** Yokohama Tire Corporation  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Wesley Swindle and Renee Swindle, Pltfs. vs. Yokohama Tire Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2021L005423 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/03/2021 at 03:31 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/03/2021, Expected Purge Date: 06/13/2021 |
| | Image SOP |
| | Email Notification,  Michelle Riemersma  michelle.riemersma@yokohamatire.com |
| | Email Notification,  Tom Masuguchi  thomas.masuguchi@yokohamatire.com |
| | Email Notification,  Ronald Steranko  ron.steranko@yokohamatire.com |
| | Email Notification,  Gerhard Veldman  gerhard.veldman@yokohamatire.com |
| | Email Notification,  Thomas Kenny  thomas.kenny@yokohamatire.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

 CT Corporation

**Service of Process Transmittal**
06/03/2021
CT Log Number 539669779

**TO:**   Ronald Steranko
Yokohama Tire Corporation
ONE MACARTHUR PLACE, SUITE 800
SANTA ANA, CA 92707

**RE:**   **Process Served in Illinois**

**FOR:**   Yokohama Tire Corporation  (Domestic State: CA)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Thu, Jun 3, 2021

**Server Name:**             Sheriff Drop


Entity Served               YOKOHAMA TIRE CORPORATION

Case Number                 2021L005423

Jurisdiction                IL



Summons - Alias Summons



* 5 0 0 8 1 0 2 7 *

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**2021L005423**

Wesley Swindle and Renee Swindle

v.

Yokohama Tire Corporation a/k/a Yokohama, et al

No. _____

Defendant Address:

Yokohama Tire Corporation

R/A CT Corporation System

208 S. LaSalle St, Suite 814

Chicago, Illinois 60604

☑ **SUMMONS** ☐ **ALIAS - SUMMONS**

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____ ,Chicago, Illinois 60602

☐ District 2 - Skokie
  5600 Old Orchard Rd.
  Skokie, IL 60077

☐ District 3 - Rolling Meadows
  2121 Euclid 1500
  Rolling Meadows, IL 60008

☐ District 4 - Maywood
  Maybrook Ave.
  Maywood, IL 60153

☐ District 5 - Bridgeview
  10220 S. 76th Ave.
  Bridgeview, IL 60455

☐ District 6 - Markham
  16501 S. Kedzie Pkwy.
  Markham, IL 60428

☐ Richard J. Daley Center
  50 W. Washington, LL-01
  Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 47294

Name: Sherwood Law Group LLC

Atty. for: Plaintiff

Address: 218 N. Jefferson Street, Ste. 401

City/State/Zip Code: Chicago, IL 60661

Telephone: 312-627-1650

Primary Email Address: jhs@sherwoodlawgroup.com

Secondary Email Address(es):

mas@sherwoodlawgroup.com

mer@sherwoodlawgroup.com

Witness:

5/26/2021 2:34 PM ~~IRIS Y. MARTINEZ~~

DOROTHY BROWN, Clerk of Court

Date of Service: _____

(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____

_____

(Area Code)   (Facsimile Telephone Number)

FILED DATE: 5/26/2021 2:34 PM   2021L005423

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

Summons - Alias Summons

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**2021L005423**

Wesley Swindle and Renee Swindle

v.

Yokohama Tire Corporation a/k/a Yokohama, et al

No. _____

Defendant Address:
Yokohama Tire Corporation

R/A CT Corporation System

208 S. LaSalle St, Suite 814

Chicago, Illinois 60604

☑ **SUMMONS** ☐ **ALIAS - SUMMONS**

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____ ,Chicago, Illinois 60602

☐ District 2 - Skokie
    5600 Old Orchard Rd.
    Skokie, IL 60077

☐ District 3 - Rolling Meadows
    2121 Euclid 1500
    Rolling Meadows, IL 60008

☐ District 4 - Maywood
    Maybrook Ave.
    Maywood, IL 60153

☐ District 5 - Bridgeview
    10220 S. 76th Ave.
    Bridgeview, IL 60455

☐ District 6 - Markham
    16501 S. Kedzie Pkwy.
    Markham, IL 60428

☐ Richard J. Daley Center
    50 W. Washington, LL-01
    Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 47294

Name: Sherwood Law Group LLC

Atty. for: Plaintiff

Address: 218 N. Jefferson Street, Ste. 401

City/State/Zip Code: Chicago, IL 60661

Telephone: 312-627-1650

Primary Email Address: jhs@sherwoodlawgroup.com

Secondary Email Address(es):

mas@sherwoodlawgroup.com

mer@sherwoodlawgroup.com

Witness:
5/26/2021 2:34 PM IRIS Y. MARTINEZ

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____

(Area Code)    (Facsimile Telephone Number)

FILED DATE: 5/26/2021 2:34 PM  2021L005423

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Page 1 of 1



* 5 0 0 8 1 0 2 7 *
FILED
5/26/2021 2:34 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
13472587

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

FILED DATE: 5/26/2021 2:34 PM   2021L005423

| | |
|---|---|
| WESLEY SWINDLE, and | ) |
| RENEE SWINDLE | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 2021L005423 |
| | ) |
| YOKOHAMA TIRE CORPORATION | ) |
| a/k/a YOKOHAMA, | ) |
| TA OPERATING, LLC, d/b/a | ) |
| TRAVELCENTERS OF AMERICA, | ) |
| LLC, (TCA), | ) |
| TA TRUCK SERVICE, | ) |
| and QUEST GLOBAL, INC., d/b/a QUEST | ) |
| TRUCKING, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, WESLEY SWINDLE and RENEE SWINDLE, by and though

their attorneys, SHERWOOD LAW GROUP, LLC, and in their Complaint at Law against the

Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA OPERATING,

LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), TA TRUCK SERVICES, and

QUEST GLOBAL, INC., d/b/a QUEST TRUCKING states and alleges as follows:

## GENERAL ALLEGATIONS

1.     The Plaintiffs, WESLEY SWINDLE and RENEE SWINDLE, are Montana

residents.

2.     The Defendant, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, is a

foreign Corporation with its Principal Office located at 1 MacArthur Place, #800, Santa Ana,

California 92707, and its Registered Agent Office located at 208 SO LaSalle Street, Suite 814,

Chicago, Illinois 60604.

1

\* 5 0 0 8 1 0 2 7 \*

FILED DATE: 5/26/2021 2:34 PM 2021L005423

3.     The Defendant, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, is a subsidiary of Tokyo, Japan-based The Yokohama Rubber Co., Ltd.

4.     The Defendant, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), is a foreign Limited Liability Corporation with its Principal Office located at 24601 Center Ridge Road Suite 200, Westlake, Ohio 450000, and its Registered Agent Office located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

5.     The Defendant, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), is a Parent Company of TravelCenters of America/TA, and Petro Stopping Centers/Petro.

6.     The Defendant, TA TRUCK SERVICE, is a Division of Co-Defendant, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), which offers truck repair facilities and maintenance nationwide.

7.     The Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, is a Domestic Georgia Corporation with its Principal Office located at PO Box 3096, Cartersville, Georgia 30120, and its Registered Agent Office located at 131 E Main Street Canton, Georgia 30114.

8.     On or before June 15, 2019, WESLEY SWINDLE and RENEE SWINDLE were contractor(s)of QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, using company-owned vehicles (hereinafter "Semi-Truck") during their course of employment.

9.     On or before June 15, 2019, the Semi-Truck WESLEY SWINDLE and RENEE SWINDLE had operated was serviced by TA TRUCK SERVICE.

10.     On or before June 15, 2019, the Semi-Truck was equipped with tires manufactured, inspected, repaired, and controlled by YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA.

* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM    2021L005423

11.     On or before June 15, WESLEY SWINDLE and RENEE SWINDLE, were in their regular course of their duties and contract when the Semi-Truck was caused to and did malfunction causing an accident and subsequent personal injuries.

## COUNT I: WESLEY SWINDLE NEGLIGENCE v. YOKOHAMA
## TIRE CORPORATION a/k/a YOKOHAMA

12.     Plaintiff, WESLEY SWINDLE, re-alleges paragraphs one (1) through eleven (11) of the General Allegations as paragraphs twelve (12) of Count I.

13.     On and before June 15, 2019, and at all relevant times, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA owned, leased, maintained, possessed, operated and/or managed the Semi-Truck and parts of the Semi-Truck (hereinafter, "Rubber Tires/Steering ").

14.     At the aforementioned time and place and prior thereto, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, knowing its duty to maintain a safe Semi-Truck for employees and drivers, carelessly and negligently caused and permitted said Semi-Truck and Rubber Tires/Steering to become and remain in dangerous condition for persons driving the aforementioned vehicle.

15.     YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, knew, or in the exercise of ordinary care, should have known, that the Semi-Truck and Rubber Tires/Steering were in disrepair and posed a danger to employees and drivers.

16.     On or before June 15, 2019, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, had notice and knowledge that the Semi-Truck and Rubber Tires had malfunctioned and were not aligned, functioning, or otherwise repaired properly and in compliance with safety codes.

17.     On or before June 15, 2019, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, had notice and knowledge that the Semi-Truck and Rubber Tires were

* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM   2021L005423

manufactured, produced, supplied, installed in a dangerous and hazardous condition and not in compliance with state and federal safety standards.

18.    On or before June 15, 2019, Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, hired a third party or was otherwise responsible for the construction, installation, repair, inspection, and maintenance of the Semi-Truck and Rubber Tires/Steering.

19.    On or about June 15, 2019, and at all relevant times, the Semi-Truck and Rubber Tires/Steering were not secure, safe for use, had a failed braking system, were inherently dangerous, not positioned or constructed to code, violated OSHA or other state or federal safety standards, and/or created an unnecessarily dangerous working environment for the Plaintiff, WESLEY SWINDLE.

20.    On or about June 15, 2019, and at all relevant times, Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, had knowledge or reasonably should have known that the Semi-Truck and Rubber Tires/Steering had been constructed and/or installed and/or maintained and/or repair and/or inspected in a negligent manner.

21.    Prior to June 15, 2019, and at all relevant times, it was foreseeable that an individual such as Plaintiff, WESLEY SWINDLE, would be driving the Semi-Truck with the attached Rubber Tires/Steering.

22.    At all relevant times, Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, had a duty to exercise reasonable care in the construction and/or installation and/or maintenance and/or repairs and/or inspection of the Semi-Truck and Rubber Tires/Steering so as not to create an unreasonable risk of injury to foreseeable individuals such as Plaintiff, WESLEY SWINDLE.

23.    On June 15, 2019, Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, were then and there guilty of one or more of the following acts or omissions:

* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM   2021L005423

a.  Carelessly and negligently failed to keep the Semi-Truck and Rubber Tires/Steering in a reasonably safe condition;

b.  Carelessly and negligently permitted the Semi-Truck and Rubber Tires/Steering to remain in an unreasonably dangerous condition, which the Defendants knew, or upon the reasonable exercise of care, would have known to have existed;

c.  Carelessly and negligently failed to warn the Plaintiff of said unreasonably dangerous condition;

d.  Carelessly and negligently supervised the contractors or other third parties that installed, inspected, and/or repaired the Semi-Truck and Rubber Tires/Steering;

e.  Carelessly and negligently failed to inspect the Semi-Truck and Rubber Tires/Steering that Plaintiff was operating;

f.  Carelessly and negligently failed to install and use a functioning braking system and weight distribution for the Semi-Truck and Rubber Tires/Steering which would have prevented a hazard;

g.  Negligently failed to repair and maintain the Semi-Truck and Rubber Tires/Steering which posed a hazard;

h.  Negligently failed to install safety features to the Semi-Truck and Rubber Tires/Steering to prevent a hazard;

i.  Negligently installed the Rubber Tires/Steering on the Semi-Truck that employees and the Plaintiff would be operating, making it a dangerous and hazardous condition;

j.  Carelessly and negligently supervised the construction, installation, repair, and maintenance of the Semi-Truck and Rubber Tires/Steering which led to dangerous and hazardous conditions;

k.  Carelessly and negligently trained, instructed, and supervised its employees in the inspection and installation of the Semi-Truck and Rubber Tires/Steering;

l.  Carelessly and negligently trained and instructed its employees to disregard general safety standards and OSHA safety standards despite notice of continuing violations; and

m.  Was otherwise careless and negligent in the construction, installation, repair, inspection, supervision of its employees, training of its employees and maintenance as to and of the Semi-Truck and Rubber Tires/Steering.

24.  That as a direct and proximate result of the aforesaid, the Plaintiff, WESLEY SWINDLE, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; that the Plaintiff was caused to spend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; that the Plaintiff was caused to and did lose much time from his employment, thereby incurring losses of large sums of money; including wage loss and the Plaintiff has been and in the future will be prevented from attending to his usual affairs and duties.

* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM 2021L005423

WHEREFORE, Plaintiff, WESLEY SWINDLE, by and through his attorneys, SHERWOOD LAW GROUP LLC, hereby prays for judgment against Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA for a sum of money in excess of Fifty Thousand Dollars ($50,000.00).

### COUNT II: RENEE SWINDLE NEGLIGENCE v. YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA

25.     Plaintiff, RENEE SWINDLE, re-alleges paragraphs one (1) through eleven (11) of the General Allegations as paragraphs twenty-five (25) of Count II.

26.     On and before June 15, 2019, and at all relevant times, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA owned, leased, maintained, possessed, operated and/or managed the Semi-Truck and parts of the Semi-Truck (hereinafter, "Rubber Tires/Steering ").

27.     At the aforementioned time and place and prior thereto, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, knowing its duty to maintain a safe Semi-Truck for employees and drivers, carelessly and negligently caused and permitted said Semi-Truck and Rubber Tires/Steering to become and remain in dangerous condition for persons driving the aforementioned vehicle.

28.     YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, knew, or in the exercise of ordinary care, should have known, that the Semi-Truck and Rubber Tires/Steering were in disrepair and posed a danger to employees and drivers.

29.     On or before June 15, 2019, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, had notice and knowledge that the Semi-Truck and Rubber Tires had malfunctioned and were not aligned, functioning, or otherwise repaired properly and in compliance with safety codes.

* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM   2021L005423

30.    On or before June 15, 2019, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, had notice and knowledge that the Semi-Truck and Rubber Tires were manufactured, produced, supplied, installed in a dangerous and hazardous condition and not in compliance with state and federal safety standards.

31.    On or before June 15, 2019, Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, hired a third party or was otherwise responsible for the construction, installation, repair, inspection, and maintenance of the Semi-Truck and Rubber Tires/Steering.

32.    On or about June 15, 2019, and at all relevant times, the Semi-Truck and Rubber Tires/Steering were not secure, safe for use, had a failed braking system, were inherently dangerous, not positioned or constructed to code, violated OSHA or other state or federal safety standards, and/or created an unnecessarily dangerous working environment for the Plaintiff, RENEE SWINDLE.

33.    On or about June 15, 2019, and at all relevant times, Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, had knowledge or reasonably should have known that the Semi-Truck and Rubber Tires/Steering had been constructed and/or installed and/or maintained and/or repair and/or inspected in a negligent manner.

34.    Prior to June 15, 2019, and at all relevant times, it was foreseeable that an individual such as Plaintiff, RENEE SWINDLE, would be driving the Semi-Truck with the attached Rubber Tires/Steering.

35.    At all relevant times, Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, had a duty to exercise reasonable care in the construction and/or installation and/or maintenance and/or repairs and/or inspection of the Semi-Truck and Rubber Tires/Steering so as not to create an unreasonable risk of injury to foreseeable individuals such as Plaintiff, RENEE SWINDLE.

* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM   2021L005423

36.     On June 15, 2019, Defendants, YOKOHAMA TIRE CORPORATION a/k/a

YOKOHAMA, were then and there guilty of one or more of the following acts or omissions:

- a.  Carelessly and negligently failed to keep the Semi-Truck and Rubber Tires/Steering in a reasonably safe condition;
- b.  Carelessly and negligently permitted the Semi-Truck and Rubber Tires/Steering to remain in an unreasonably dangerous condition, which the Defendants knew, or upon the reasonable exercise of care, would have known to have existed;
- c.  Carelessly and negligently failed to warn the Plaintiff of said unreasonably dangerous condition;
- d.  Carelessly and negligently supervised the contractors or other third parties that installed, inspected, and/or repaired the Semi-Truck and Rubber Tires/Steering;
- e.  Carelessly and negligently failed to inspect the Semi-Truck and Rubber Tires/Steering that Plaintiff was operating;
- f.  Carelessly and negligently failed to install and use a functioning braking system and weight distribution for the Semi-Truck and Rubber Tires/Steering which would have prevented a hazard;
- g.  Negligently failed to repair and maintain the Semi-Truck and Rubber Tires/Steering which posed a hazard;
- h.  Negligently failed to install safety features to the Semi-Truck and Rubber Tires/Steering to prevent a hazard;
- i.  Negligently installed the Rubber Tires/Steering on the Semi-Truck that employees and the Plaintiff would be operating, making it a dangerous and hazardous condition;
- j.  Carelessly and negligently supervised the construction, installation, repair, and maintenance of the Semi-Truck and Rubber Tires/Steering which led to dangerous and hazardous conditions;
- k.  Carelessly and negligently trained, instructed, and supervised its employees in the inspection and installation of the Semi-Truck and Rubber Tires/Steering;
- l.  Carelessly and negligently trained and instructed its employees to disregard general safety standards and OSHA safety standards despite notice of continuing violations; and
- m.  Was otherwise careless and negligent in the construction, installation, repair, inspection, supervision of its employees, training of its employees and maintenance as to and of the Semi-Truck and Rubber Tires/Steering.

37.     That as a direct and proximate result of the aforesaid, the Plaintiff, RENEE

SWINDLE, suffered diverse injuries, both internally and externally, of a permanent and lasting

nature, which have caused and will continue to cause pain in body and mind; that the Plaintiff was

caused to spend and in the future will be compelled to expend, large sums of money in endeavoring

to be cured of said injuries; that the Plaintiff was caused to and did lose much time from her

* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM    2021L005423

employment, thereby incurring losses of large sums of money; including wage loss and the Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties.

WHEREFORE, Plaintiff, RENEE SWINDLE, by and through her attorneys, SHERWOOD LAW GROUP LLC, hereby prays for judgment against Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA for a sum of money in excess of Fifty Thousand Dollars ($50,000.00).

### COUNT III: WESLEY SWINDLE PRODUCTS LIABILITY v. YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA

38. On and before June 15, 2019, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA manufactured and produced various Semi-Trucks, or parts of the Semi-Truck, which were rented, leased, and purchased by Defendants, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), TA TRUCK SERVICES, and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, to be used on the Semi-Truck.

39. On and before June 15, 2019, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA contracted with Defendants, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), TA TRUCK SERVICES, and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, for the purpose of using its Semi-Truck and Rubber Tires/Steering.

40. On and before June 15, 2019, Defendant, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA by and through its agents, servants, and employees, was responsible for manufacturing and the production of the Semi-Truck and Rubber Tires/Steering rented, leased, and purchased by Defendants, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), TA TRUCK SERVICES, and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING.

41. On and before June 15, 2019, Defendant, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA through its agents, servants, and employees, owed a duty of reasonable care



FILED DATE: 5/26/2021 2:34 PM 2021L005423

in the manufacturing, construction, design, and installation of the Semi-Truck and Rubber

Tires/Steering rented, leased, and purchased by Defendants, TA OPERATING, LLC, d/b/a

TRAVELCENTERS OF AMERICA, LLC, (TCA), TA TRUCK SERVICES, and QUEST

GLOBAL, INC., d/b/a QUEST TRUCKING.

42.     Notwithstanding this duty, on and before June 15, 2019, the Defendant,

YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA by and through its agents, servants,

and employees, was then and there guilty of one or more of the following acts and/or omissions:

    a.  Failed to properly manufacture and produce a safe and suitable Semi-Truck and Rubber Tires/Steering;

    b.  Failed to properly test the Semi-Truck and Rubber Tires/Steering to ensure that it was safe and suitable for use by the Plaintiff, and other prospective users;

    c.  Failed to Provide Plaintiff safe and suitable Semi-Truck and Rubber Tires/Steering when it knew or should have known that Plaintiff, and other prospective users, would be using the Rubber Tires/Steering;

    d.  Failed to warn the Plaintiff of the dangerous condition the Semi-Truck and Rubber Tires/Steering, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

    e.  Failed to install and use a functioning braking system and weight distribution on the Semi-Truck and Rubber Tires/Steering which would have prevented a hazard;

    f.  The Semi-Truck and Rubber Tires/Steering were designed, manufactured, and sold without the ability to function safely and properly;

    g.  Failed to inspect the Semi-Truck and Rubber Tires/Steering to ensure that they were safe and suitable for use by the Plaintiff, and other prospective users and customers;

    h.  Failed to repair the Semi-Truck and Rubber Tires/Steering to ensure that they were safe and suitable for use by the Plaintiff, and other prospective customers; or

    i.  Was otherwise careless and/or negligent in the manufacturing, production, sale, repair, maintenance, delivery, installation, care, lease, and use of the Semi-Truck and Rubber Tires/Steering.

43.     These unreasonably dangerous conditions existed at the time the Semi-Truck and

Rubber Tires/Steering left the control of YOKOHAMA TIRE CORPORATION a/k/a

YOKOHAMA.

44.     That as a direct and proximate result of the aforesaid, the Plaintiff, WESLEY

SWINDLE, suffered diverse injuries, both internally and externally, of a permanent and lasting

nature, which have caused and will continue to cause pain in body and mind; that the Plaintiff was

* 5 0 0 8 1 0 2 7 *

caused to spend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; that the Plaintiff was caused to and did lose much time from his employment, thereby incurring losses of large sums of money; including wage loss and the Plaintiff has been and in the future will be prevented from attending to his usual affairs and duties

WHEREFORE, Plaintiff, WESLEY SWINDLE, by and through his attorneys, SHERWOOD LAW GROUP LLC, hereby prays for judgment against Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA for a sum of money in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT IV: RENEE SWINDLE PRODUCTS LIABILITY v. YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA

45.    On and before June 15, 2019, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA manufactured and produced various Semi-Trucks, or parts of the Semi-Truck, which were rented, leased, and purchased by Defendants, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), TA TRUCK SERVICES, and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, to be used on the Semi-Truck.

46.    On and before June 15, 2019, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA contracted with Defendants, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), TA TRUCK SERVICES, and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, for the purpose of using its Semi-Truck and Rubber Tires/Steering.

47.    On and before June 15, 2019, Defendant, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA by and through its agents, servants, and employees, was responsible for manufacturing and the production of the Semi-Truck and Rubber Tires/Steering rented, leased, and purchased by Defendants, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), TA TRUCK SERVICES, and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING.

FILED DATE: 5/26/2021 2:34 PM   2021L005423

11

* 5 0 0 8 1 0 2 7 *

48.     On and before June 15, 2019, Defendant, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA through its agents, servants, and employees, owed a duty of reasonable care in the manufacturing, construction, design, and installation of the Semi-Truck and Rubber Tires/Steering rented, leased, and purchased by Defendants, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), TA TRUCK SERVICES, and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING.

49.     Notwithstanding this duty, on and before June 15, 2019, the Defendant, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA by and through its agents, servants, and employees, was then and there guilty of one or more of the following acts and/or omissions:

      a.  Failed to properly manufacture and produce a safe and suitable Semi-Truck and Rubber Tires/Steering;

      b.  Failed to properly test the Semi-Truck and Rubber Tires/Steering to ensure that it was safe and suitable for use by the Plaintiff, and other prospective users;

      c.  Failed to Provide Plaintiff safe and suitable Semi-Truck and Rubber Tires/Steering when it knew or should have known that Plaintiff, and other prospective users, would be using the Rubber Tires/Steering;

      d.  Failed to warn the Plaintiff of the dangerous condition the Semi-Truck and Rubber Tires/Steering, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

      e.  Failed to install and use a functioning braking system and weight distribution on the Semi-Truck and Rubber Tires/Steering which would have prevented a hazard;

      f.  The Semi-Truck and Rubber Tires/Steering were designed, manufactured, and sold without the ability to function safely and properly;

      g.  Failed to inspect the Semi-Truck and Rubber Tires/Steering to ensure that they were safe and suitable for use by the Plaintiff, and other prospective users and customers;

      h.  Failed to repair the Semi-Truck and Rubber Tires/Steering to ensure that they were safe and suitable for use by the Plaintiff, and other prospective customers; or

      i.  Was otherwise careless and/or negligent in the manufacturing, production, sale, repair, maintenance, delivery, installation, care, lease, and use of the Semi-Truck and Rubber Tires/Steering.

50.     These unreasonably dangerous conditions existed at the time the Semi-Truck and Rubber Tires/Steering left the control of YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA.

FILED DATE: 5/26/2021 2:34 PM   2021L005423

* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM   2021L005423

51.     That as a direct and proximate result of the aforesaid, the Plaintiff, RENEE SWINDLE, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; that the Plaintiff was caused to spend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; that the Plaintiff was caused to and did lose much time from her employment, thereby incurring losses of large sums of money; including wage loss and the Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties

WHEREFORE, Plaintiff, RENEE SWINDLE, by and through her attorneys, SHERWOOD LAW GROUP LLC, hereby prays for judgment against Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA for a sum of money in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT V: WESLEY SWINDLE NEGLIGENCE v. TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA)

52.     Plaintiff, WESLEY SWINDLE, re-alleges paragraphs one (1) through eleven (11) of the General Allegations as paragraphs fifty-two (52) of Count V.

53.     On and before June 15, 2019, and at all relevant times, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA) owned, leased, maintained, possessed, operated and/or managed the Semi-Truck and parts of the Semi-Truck.

54.     At the aforementioned time and place and prior thereto, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), knowing its duty to maintain a safe Semi-Truck for employees and drivers, carelessly and negligently caused and permitted said Semi-Truck and Rubber Tires/Steering to become and remain in dangerous condition for persons driving the aforementioned vehicle.

* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM   2021L005423

55.    TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA),
knew, or in the exercise of ordinary care, should have known, that the Semi-Truck and Rubber
Tires/Steering were in disrepair and posed a danger to employees and drivers.

56.    On or before June 15, 2019, TA OPERATING, LLC, d/b/a TRAVELCENTERS
OF AMERICA, LLC, (TCA), had notice and knowledge that the Semi-Truck and Rubber Tires
had malfunctioned and were not aligned, functioning, or otherwise repaired properly and in
compliance with safety codes.

57.    On or before June 15, 2019, TA OPERATING, LLC, d/b/a TRAVELCENTERS
OF AMERICA, LLC, (TCA), had notice and knowledge that the Semi-Truck and Rubber Tires
were manufactured, produced, supplied, installed in a dangerous and hazardous condition and not
in compliance with state and federal safety standards.

58.    On or before June 15, 2019, Defendants, TA OPERATING, LLC, d/b/a
TRAVELCENTERS OF AMERICA, LLC, (TCA), hired a third party or was otherwise
responsible for the construction, installation, repair, inspection, and maintenance of the Semi-
Truck and Rubber Tires/Steering.

59.    On or about June 15, 2019, and at all relevant times, the Semi-Truck and Rubber
Tires/Steering were not secure, safe for use, had a failed braking system, were inherently
dangerous, not positioned or constructed to code, violated OSHA or other state or federal safety
standards, and/or created an unnecessarily dangerous working environment for the Plaintiff,
WESLEY SWINDLE.

60.    On or about June 15, 2019, and at all relevant times, Defendants, TA OPERATING,
LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), had knowledge or reasonably
should have known that the Semi-Truck and Rubber Tires/Steering had been constructed and/or
installed and/or maintained and/or repair and/or inspected in a negligent manner.

14

* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM   2021L005423

61.     Prior to June 15, 2019, and at all relevant times, it was foreseeable that an individual such as Plaintiff, WESLEY SWINDLE, would be driving the Semi-Truck with the attached Rubber Tires/Steering.

62.     At all relevant times, Defendants, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), had a duty to exercise reasonable care in the construction and/or installation and/or maintenance and/or repairs and/or inspection of the Semi-Truck and Rubber Tires/Steering so as not to create an unreasonable risk of injury to foreseeable individuals such as Plaintiff, WESLEY SWINDLE.

63.     On June 15, 2019, Defendants, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), were then and there guilty of one or more of the following acts or omissions:

    a.  Carelessly and negligently failed to keep the Semi-Truck and Rubber Tires/Steering in a reasonably safe condition;

    b.  Carelessly and negligently permitted the Semi-Truck and Rubber Tires/Steering to remain in an unreasonably dangerous condition, which the Defendants knew, or upon the reasonable exercise of care, would have known to have existed;

    c.  Carelessly and negligently failed to warn the Plaintiff of said unreasonably dangerous condition;

    d.  Carelessly and negligently supervised the contractors or other third parties that installed, inspected, and/or repaired the Semi-Truck and Rubber Tires/Steering;

    e.  Carelessly and negligently failed to inspect the Semi-Truck and Rubber Tires/Steering that Plaintiff was operating;

    f.  Carelessly and negligently failed to install and use a functioning braking system and weight distribution for the Semi-Truck and Rubber Tires/Steering which would have prevented a hazard;

    g.  Negligently failed to repair and maintain the Semi-Truck and Rubber Tires/Steering which posed a hazard;

    h.  Negligently failed to install safety features to the Semi-Truck and Rubber Tires/Steering to prevent a hazard;

    i.  Negligently installed the Rubber Tires/Steering on the Semi-Truck that employees and the Plaintiff would be operating, making it a dangerous and hazardous condition;

    j.  Carelessly and negligently supervised the construction, installation, repair, and maintenance of the Semi-Truck and Rubber Tires/Steering which led to dangerous and hazardous conditions;

15

* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM 2021L005423

k. Carelessly and negligently trained, instructed, and supervised its employees in the inspection and installation of the Semi-Truck and Rubber Tires/Steering;

l. Carelessly and negligently trained and instructed its employees to disregard general safety standards and OSHA safety standards despite notice of continuing violations; and

m. Was otherwise careless and negligent in the construction, installation, repair, inspection, supervision of its employees, training of its employees and maintenance as to and of the Semi-Truck and Rubber Tires/Steering.

64. That as a direct and proximate result of the aforesaid, the Plaintiff, WESLEY SWINDLE, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; that the Plaintiff was caused to spend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; that the Plaintiff was caused to and did lose much time from his employment, thereby incurring losses of large sums of money; including wage loss and the Plaintiff has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, Plaintiff, WESLEY SWINDLE, by and through his attorneys, SHERWOOD LAW GROUP LLC, hereby prays for judgment against Defendants, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA) for a sum of money in excess of Fifty Thousand Dollars ($50,000.00).

### COUNT VI: RENEE SWINDLE NEGLIGENCE v. TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA)

65. Plaintiff, RENEE SWINDLE, re-alleges paragraphs one (1) through eleven (11) of the General Allegations as paragraphs sixty-five (65) of Count VI.

66. On and before June 15, 2019, and at all relevant times, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA) owned, leased, maintained, possessed, operated and/or managed the Semi-Truck and parts of the Semi-Truck (hereinafter, "Rubber Tires/Steering ").



* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM 2021L005423

67. At the aforementioned time and place and prior thereto, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), knowing its duty to maintain a safe Semi-Truck for employees and drivers, carelessly and negligently caused and permitted said Semi-Truck and Rubber Tires/Steering to become and remain in dangerous condition for persons driving the aforementioned vehicle.

68. TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), knew, or in the exercise of ordinary care, should have known, that the Semi-Truck and Rubber Tires/Steering were in disrepair and posed a danger to employees and drivers.

69. On or before June 15, 2019, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), had notice and knowledge that the Semi-Truck and Rubber Tires had malfunctioned and were not aligned, functioning, or otherwise repaired properly and in compliance with safety codes.

70. On or before June 15, 2019, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), had notice and knowledge that the Semi-Truck and Rubber Tires were manufactured, produced, supplied, installed in a dangerous and hazardous condition and not in compliance with state and federal safety standards.

71. On or before June 15, 2019, Defendants, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), hired a third party or was otherwise responsible for the construction, installation, repair, inspection, and maintenance of the Semi-Truck and Rubber Tires/Steering.

72. On or about June 15, 2019, and at all relevant times, the Semi-Truck and Rubber Tires/Steering were not secure, safe for use, had a failed braking system, were inherently dangerous, not positioned or constructed to code, violated OSHA or other state or federal safety



standards, and/or created an unnecessarily dangerous working environment for the Plaintiff, RENEE SWINDLE.

73. On or about June 15, 2019, and at all relevant times, Defendants, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), had knowledge or reasonably should have known that the Semi-Truck and Rubber Tires/Steering had been constructed and/or installed and/or maintained and/or repair and/or inspected in a negligent manner.

74. Prior to June 15, 2019, and at all relevant times, it was foreseeable that an individual such as Plaintiff, RENEE SWINDLE, would be driving the Semi-Truck with the attached Rubber Tires/Steering.

75. At all relevant times, Defendants, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), had a duty to exercise reasonable care in the construction and/or installation and/or maintenance and/or repairs and/or inspection of the Semi-Truck and Rubber Tires/Steering so as not to create an unreasonable risk of injury to foreseeable individuals such as Plaintiff, RENEE SWINDLE.

76. On June 15, 2019, Defendants, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), were then and there guilty of one or more of the following acts or omissions:

a. Carelessly and negligently failed to keep the Semi-Truck and Rubber Tires/Steering in a reasonably safe condition;
b. Carelessly and negligently permitted the Semi-Truck and Rubber Tires/Steering to remain in an unreasonably dangerous condition, which the Defendants knew, or upon the reasonable exercise of care, would have known to have existed;
c. Carelessly and negligently failed to warn the Plaintiff of said unreasonably dangerous condition;
d. Carelessly and negligently supervised the contractors or other third parties that installed, inspected, and/or repaired the Semi-Truck and Rubber Tires/Steering;
e. Carelessly and negligently failed to inspect the Semi-Truck and Rubber Tires/Steering that Plaintiff was operating;

FILED DATE: 5/26/2021 2:34 PM 2021L005423



* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM  2021L005423

  f. Carelessly and negligently failed to install and use a functioning braking system and weight distribution for the Semi-Truck and Rubber Tires/Steering which would have prevented a hazard;

  g. Negligently failed to repair and maintain the Semi-Truck and Rubber Tires/Steering which posed a hazard;

  h. Negligently failed to install safety features to the Semi-Truck and Rubber Tires/Steering to prevent a hazard;

  i. Negligently installed the Rubber Tires/Steering on the Semi-Truck that employees and the Plaintiff would be operating, making it a dangerous and hazardous condition;

  j. Carelessly and negligently supervised the construction, installation, repair, and maintenance of the Semi-Truck and Rubber Tires/Steering which led to dangerous and hazardous conditions;

  k. Carelessly and negligently trained, instructed, and supervised its employees in the inspection and installation of the Semi-Truck and Rubber Tires/Steering;

  l. Carelessly and negligently trained and instructed its employees to disregard general safety standards and OSHA safety standards despite notice of continuing violations; and

  m. Was otherwise careless and negligent in the construction, installation, repair, inspection, supervision of its employees, training of its employees and maintenance as to and of the Semi-Truck and Rubber Tires/Steering.

  77. That as a direct and proximate result of the aforesaid, the Plaintiff, RENEE

SWINDLE, suffered diverse injuries, both internally and externally, of a permanent and lasting

nature, which have caused and will continue to cause pain in body and mind; that the Plaintiff was

caused to spend and in the future will be compelled to expend, large sums of money in endeavoring

to be cured of said injuries; that the Plaintiff was caused to and did lose much time from her

employment, thereby incurring losses of large sums of money; including wage loss and the

Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties.

  WHEREFORE, Plaintiff, RENEE SWINDLE, by and through her attorneys, SHERWOOD

LAW GROUP LLC, hereby prays for judgment against Defendants, TA OPERATING, LLC, d/b/a

TRAVELCENTERS OF AMERICA, LLC, (TCA) for a sum of money in excess of Fifty Thousand

Dollars ($50,000.00).

## COUNT VII: WESLEY SWINDLE PRODUCTS LIABILITY v. TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA)



FILED DATE: 5/26/2021 2:34 PM 2021L005423

78.     On and before June 15, 2019, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA) manufactured and produced various Semi-Trucks, or parts of the Semi-Truck, which were rented, leased, and purchased by Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA TRUCK SERVICES, and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING.

79.     On and before June 15, 2019, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA) contracted with Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA TRUCK SERVICES, and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, for the purpose of using the Semi-Truck and Rubber Tires/Steering.

80.     On and before June 15, 2019, Defendant, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA) by and through its agents, servants, and employees, was responsible for manufacturing and the production of the Semi-Truck and Rubber Tires/Steering rented, leased, and purchased by Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA TRUCK SERVICES, and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING.

81.     On and before June 15, 2019, Defendant, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA) through its agents, servants, and employees, owed a duty of reasonable care in the manufacturing, construction, design, and installation of the Semi-Truck and Rubber Tires/Steering rented, leased, and purchased by Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA TRUCK SERVICES, and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING.

82.     Notwithstanding this duty, on and before June 15, 2019, the Defendant, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA) by and through its

* 5 0 0 8 1 0 2 7 *

agents, servants, and employees, was then and there guilty of one or more of the following acts

and/or omissions:

a. Failed to properly manufacture and produce a safe and suitable Semi-Truck and Rubber Tires/Steering;

b. Failed to properly test the Semi-Truck and Rubber Tires/Steering to ensure that it was safe and suitable for use by the Plaintiff, and other prospective users;

c. Failed to Provide Plaintiff safe and suitable Semi-Truck and Rubber Tires/Steering when it knew or should have known that Plaintiff, and other prospective users, would be using the Rubber Tires/Steering;

d. Failed to warn the Plaintiff of the dangerous condition the Semi-Truck and Rubber Tires/Steering when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

e. Failed to install and use a functioning braking system and weight distribution on the Semi-Truck and Rubber Tires/Steering which would have prevented a hazard;

f. The Semi-Truck and Rubber Tires/Steering were designed, manufactured, and sold without the ability to function safely and properly;

g. Failed to inspect the Semi-Truck and Rubber Tires/Steering to ensure that they were safe and suitable for use by the Plaintiff, and other prospective users and customers;

h. Failed to repair the Semi-Truck and Rubber Tires/Steering to ensure that they were safe and suitable for use by the Plaintiff, and other prospective customers; or

i. Was otherwise careless and/or negligent in the manufacturing, production, sale, repair, maintenance, delivery, installation, care, lease, and use of the Semi-Truck and Rubber Tires/Steering.

83. These unreasonably dangerous conditions existed at the time the Semi-Truck and

Rubber Tires/Steering left the control of TA OPERATING, LLC, d/b/a TRAVELCENTERS OF

AMERICA, LLC, (TCA).

84. That as a direct and proximate result of the aforesaid, the Plaintiff, WESLEY

SWINDLE, suffered diverse injuries, both internally and externally, of a permanent and lasting

nature, which have caused and will continue to cause pain in body and mind; that the Plaintiff was

caused to spend and in the future will be compelled to expend, large sums of money in endeavoring

to be cured of said injuries; that the Plaintiff was caused to and did lose much time from his

employment, thereby incurring losses of large sums of money; including wage loss and the

Plaintiff has been and in the future will be prevented from attending to his usual affairs and duties

FILED DATE: 5/26/2021 2:34 PM 2021L005423



WHEREFORE, Plaintiff, WESLEY SWINDLE, by and through his attorneys, SHERWOOD LAW GROUP LLC, hereby prays for judgment against Defendants, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA) for a sum of money in excess of Fifty Thousand Dollars ($50,000.00).

### COUNT VIII: RENEE SWINDLE PRODUCTS LIABILITY v. TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA)

85.     On and before June 15, 2019, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA) manufactured and produced various Semi-Trucks, or parts of the Semi-Truck, which were rented, leased, and purchased by Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA TRUCK SERVICES, and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING.

86.     On and before June 15, 2019, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA) contracted with Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA TRUCK SERVICES, and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, for the purpose of using the Semi-Truck and Rubber Tires/Steering.

87.     On and before June 15, 2019, Defendant, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA) by and through its agents, servants, and employees, was responsible for manufacturing and the production of the Semi-Truck and Rubber Tires/Steering rented, leased, and purchased by Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA TRUCK SERVICES, and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING.

88.     On and before June 15, 2019, Defendant, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA) through its agents, servants, and employees, owed a duty of reasonable care in the manufacturing, construction, design, and installation of the

FILED DATE: 5/26/2021 2:34 PM   2021L005423



* 5 0 0 8 1 0 2 7 *

Semi-Truck and Rubber Tires/Steering rented, leased, and purchased by Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA TRUCK SERVICES, and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING.

89.     Notwithstanding this duty, on and before June 15, 2019, the Defendant, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA) by and through its agents, servants, and employees, was then and there guilty of one or more of the following acts and/or omissions:

a. Failed to properly manufacture and produce a safe and suitable Semi-Truck and Rubber Tires/Steering;
b. Failed to properly test the Semi-Truck and Rubber Tires/Steering to ensure that it was safe and suitable for use by the Plaintiff, and other prospective users;
c. Failed to Provide Plaintiff safe and suitable Semi-Truck and Rubber Tires/Steering when it knew or should have known that Plaintiff, and other prospective users, would be using the Rubber Tires/Steering;
d. Failed to warn the Plaintiff of the dangerous condition the Semi-Truck and Rubber Tires/Steering, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;
e. Failed to install and use a functioning braking system and weight distribution on the Semi-Truck and Rubber Tires/Steering which would have prevented a hazard;
f. The Semi-Truck and Rubber Tires/Steering were designed, manufactured, and sold without the ability to function safely and properly;
g. Failed to inspect the Semi-Truck and Rubber Tires/Steering to ensure that they were safe and suitable for use by the Plaintiff, and other prospective users and customers;
h. Failed to repair the Semi-Truck and Rubber Tires/Steering to ensure that they were safe and suitable for use by the Plaintiff, and other prospective customers; or
i. Was otherwise careless and/or negligent in the manufacturing, production, sale, repair, maintenance, delivery, installation, care, lease, and use of the Semi-Truck and Rubber Tires/Steering.

90.     These unreasonably dangerous conditions existed at the time the Semi-Truck and Rubber Tires/Steering left the control of TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA).

91.     That as a direct and proximate result of the aforesaid, the Plaintiff, RENEE SWINDLE, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; that the Plaintiff was

FILED DATE: 5/26/2021 2:34 PM   2021L005423

* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM    2021L005423

caused to spend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; that the Plaintiff was caused to and did lose much time from her employment, thereby incurring losses of large sums of money; including wage loss and the Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties

WHEREFORE, Plaintiff, RENEE SWINDLE, by and through her attorneys, SHERWOOD LAW GROUP LLC, hereby prays for judgment against Defendants, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA) for a sum of money in excess of Fifty Thousand Dollars ($50,000.00).

### COUNT IX: WESLEY SWINDLE NEGLIGENCE v. TA TRUCK SERVICE

92.    Plaintiff, WESLEY SWINDLE, re-alleges paragraphs one (1) through eleven (11) of the General Allegations as paragraphs ninety-two (92) of Count IX.

93.    On and before June 15, 2019, and at all relevant times, TA TRUCK SERVICE owned, leased, maintained, possessed, operated and/or managed the Semi-Truck and parts of the Semi-Truck.

94.    At the aforementioned time and place and prior thereto, TA TRUCK SERVICE, knowing its duty to maintain a safe Semi-Truck for employees and drivers, carelessly and negligently caused and permitted said Semi-Truck and Rubber Tires/Steering to become and remain in dangerous condition for persons driving the aforementioned vehicle.

95.    TA TRUCK SERVICE, knew, or in the exercise of ordinary care, should have known, that the Semi-Truck and Rubber Tires/Steering were in disrepair and posed a danger to employees and drivers.

96.    On or before June 15, 2019, TA TRUCK SERVICE, had notice and knowledge that the Semi-Truck and Rubber Tires had malfunctioned and were not aligned, functioning, or otherwise repaired properly and in compliance with safety codes.

24



* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM 2021L005423

97.     On or before June 15, 2019, TA TRUCK SERVICE, had notice and knowledge that the Semi-Truck and Rubber Tires were manufactured, produced, supplied, installed in a dangerous and hazardous condition and not in compliance with state and federal safety standards.

98.     On or before June 15, 2019, Defendant, TA TRUCK SERVICE, hired a third party or was otherwise responsible for the construction, installation, repair, inspection, and maintenance of the Semi-Truck and Rubber Tires/Steering.

99.     On or about June 15, 2019, and at all relevant times, the Semi-Truck and Rubber Tires/Steering were not secure, safe for use, had a failed braking system, were inherently dangerous, not positioned or constructed to code, violated OSHA or other state or federal safety standards, and/or created an unnecessarily dangerous working environment for the Plaintiff, WESLEY SWINDLE.

100.    On or about June 15, 2019, and at all relevant times, Defendant, TA TRUCK SERVICE, had knowledge or reasonably should have known that the Semi-Truck and Rubber Tires/Steering had been constructed and/or installed and/or maintained and/or repair and/or inspected in a negligent manner.

101.    Prior to June 15, 2019, and at all relevant times, it was foreseeable that an individual such as Plaintiff, WESLEY SWINDLE, would be driving the Semi-Truck with the attached Rubber Tires/Steering.

102.    At all relevant times, Defendant, TA TRUCK SERVICE, had a duty to exercise reasonable care in the construction and/or installation and/or maintenance and/or repairs and/or inspection of the Semi-Truck and Rubber Tires/Steering so as not to create an unreasonable risk of injury to foreseeable individuals such as Plaintiff, WESLEY SWINDLE.

103.    On June 15, 2019, Defendant, TA TRUCK SERVICE, were then and there guilty of one or more of the following acts or omissions:

* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM   2021L005423

a.  Carelessly and negligently failed to keep the Semi-Truck and Rubber Tires/Steering in a reasonably safe condition;

b.  Carelessly and negligently permitted the Semi-Truck and Rubber Tires/Steering to remain in an unreasonably dangerous condition, which the Defendant knew, or upon the reasonable exercise of care, would have known to have existed;

c.  Carelessly and negligently failed to warn the Plaintiff of said unreasonably dangerous condition;

d.  Carelessly and negligently supervised the contractors or other third parties that installed, inspected, and/or repaired the Semi-Truck and Rubber Tires/Steering;

e.  Carelessly and negligently failed to inspect the Semi-Truck and Rubber Tires/Steering that Plaintiff was operating;

f.  Carelessly and negligently failed to install and use a functioning braking system and weight distribution for the Semi-Truck and Rubber Tires/Steering which would have prevented a hazard;

g.  Negligently failed to repair and maintain the Semi-Truck and Rubber Tires/Steering which posed a hazard;

h.  Negligently failed to install safety features to the Semi-Truck and Rubber Tires/Steering to prevent a hazard;

i.  Negligently installed the Rubber Tires/Steering on the Semi-Truck that employees and the Plaintiff would be operating, making it a dangerous and hazardous condition;

j.  Carelessly and negligently supervised the construction, installation, repair, and maintenance of the Semi-Truck and Rubber Tires/Steering which led to dangerous and hazardous conditions;

k.  Carelessly and negligently trained, instructed, and supervised its employees in the inspection and installation of the Semi-Truck and Rubber Tires/Steering;

l.  Carelessly and negligently trained and instructed its employees to disregard general safety standards and OSHA safety standards despite notice of continuing violations; and

m.  Was otherwise careless and negligent in the construction, installation, repair, inspection, supervision of its employees, training of its employees and maintenance as to and of the Semi-Truck and Rubber Tires/Steering.

104.  That as a direct and proximate result of the aforesaid, the Plaintiff, WESLEY

SWINDLE, suffered diverse injuries, both internally and externally, of a permanent and lasting

nature, which have caused and will continue to cause pain in body and mind; that the Plaintiff was

caused to spend and in the future will be compelled to expend, large sums of money in endeavoring

to be cured of said injuries; that the Plaintiff was caused to and did lose much time from his

employment, thereby incurring losses of large sums of money; including wage loss and the

Plaintiff has been and in the future will be prevented from attending to his usual affairs and duties.

* 5 0 0 8 1 0 2 7 *

WHEREFORE, Plaintiff, WESLEY SWINDLE, by and through his attorneys, SHERWOOD LAW GROUP LLC, hereby prays for judgment against Defendant, TA TRUCK SERVICE for a sum of money in excess of Fifty Thousand Dollars ($50,000.00).

### COUNT X: RENEE SWINDLE NEGLIGENCE v. TA TRUCK SERVICE

105.    Plaintiff, RENEE SWINDLE, re-alleges paragraphs one (1) through eleven (11) of the General Allegations as paragraphs one hundred five (105) of Count X.

106.    On and before June 15, 2019, and at all relevant times, TA TRUCK SERVICE owned, leased, maintained, possessed, operated and/or managed the Semi-Truck and parts of the Semi-Truck (hereinafter, "Rubber Tires/Steering ").

107.    At the aforementioned time and place and prior thereto, TA TRUCK SERVICE, knowing its duty to maintain a safe Semi-Truck for employees and drivers, carelessly and negligently caused and permitted said Semi-Truck and Rubber Tires/Steering to become and remain in dangerous condition for persons driving the aforementioned vehicle.

108.    TA TRUCK SERVICE, knew, or in the exercise of ordinary care, should have known, that the Semi-Truck and Rubber Tires/Steering were in disrepair and posed a danger to employees and drivers.

109.    On or before June 15, 2019, TA TRUCK SERVICE, had notice and knowledge that the Semi-Truck and Rubber Tires had malfunctioned and were not aligned, functioning, or otherwise repaired properly and in compliance with safety codes.

110.    On or before June 15, 2019, TA TRUCK SERVICE, had notice and knowledge that the Semi-Truck and Rubber Tires were manufactured, produced, supplied, installed in a dangerous and hazardous condition and not in compliance with state and federal safety standards.

FILED DATE: 5/26/2021 2:34 PM    2021L005423

* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM  2021L005423

111. On or before June 15, 2019, Defendant, TA TRUCK SERVICE, hired a third party or was otherwise responsible for the construction, installation, repair, inspection, and maintenance of the Semi-Truck and Rubber Tires/Steering.

112. On or about June 15, 2019, and at all relevant times, the Semi-Truck and Rubber Tires/Steering were not secure, safe for use, had a failed braking system, were inherently dangerous, not positioned or constructed to code, violated OSHA or other state or federal safety standards, and/or created an unnecessarily dangerous working environment for the Plaintiff, RENEE SWINDLE.

113. On or about June 15, 2019, and at all relevant times, Defendant, TA TRUCK SERVICE, had knowledge or reasonably should have known that the Semi-Truck and Rubber Tires/Steering had been constructed and/or installed and/or maintained and/or repair and/or inspected in a negligent manner.

114. Prior to June 15, 2019, and at all relevant times, it was foreseeable that an individual such as Plaintiff, RENEE SWINDLE, would be driving the Semi-Truck with the attached Rubber Tires/Steering.

115. At all relevant times, Defendant, TA TRUCK SERVICE, had a duty to exercise reasonable care in the construction and/or installation and/or maintenance and/or repairs and/or inspection of the Semi-Truck and Rubber Tires/Steering so as not to create an unreasonable risk of injury to foreseeable individuals such as Plaintiff, RENEE SWINDLE.

116. On June 15, 2019, Defendant, TA TRUCK SERVICE, were then and there guilty of one or more of the following acts or omissions:

    a. Carelessly and negligently failed to keep the Semi-Truck and Rubber Tires/Steering in a reasonably safe condition;

    b. Carelessly and negligently permitted the Semi-Truck and Rubber Tires/Steering to remain in an unreasonably dangerous condition, which the Defendant knew, or upon the reasonable exercise of care, would have known to have existed;

* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM 2021L005423

    c.  Carelessly and negligently failed to warn the Plaintiff of said unreasonably dangerous condition;

    d.  Carelessly and negligently supervised the contractors or other third parties that installed, inspected, and/or repaired the Semi-Truck and Rubber Tires/Steering;

    e.  Carelessly and negligently failed to inspect the Semi-Truck and Rubber Tires/Steering that Plaintiff was operating;

    f.  Carelessly and negligently failed to install and use a functioning braking system and weight distribution for the Semi-Truck and Rubber Tires/Steering which would have prevented a hazard;

    g.  Negligently failed to repair and maintain the Semi-Truck and Rubber Tires/Steering which posed a hazard;

    h.  Negligently failed to install safety features to the Semi-Truck and Rubber Tires/Steering to prevent a hazard;

    i.  Negligently installed the Rubber Tires/Steering on the Semi-Truck that employees and the Plaintiff would be operating, making it a dangerous and hazardous condition;

    j.  Carelessly and negligently supervised the construction, installation, repair, and maintenance of the Semi-Truck and Rubber Tires/Steering which led to dangerous and hazardous conditions;

    k.  Carelessly and negligently trained, instructed, and supervised its employees in the inspection and installation of the Semi-Truck and Rubber Tires/Steering;

    l.  Carelessly and negligently trained and instructed its employees to disregard general safety standards and OSHA safety standards despite notice of continuing violations; and

    m.  Was otherwise careless and negligent in the construction, installation, repair, inspection, supervision of its employees, training of its employees and maintenance as to and of the Semi-Truck and Rubber Tires/Steering.

117.    That as a direct and proximate result of the aforesaid, the Plaintiff, RENEE SWINDLE, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; that the Plaintiff was caused to spend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; that the Plaintiff was caused to and did lose much time from her employment, thereby incurring losses of large sums of money; including wage loss and the Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties.

WHEREFORE, Plaintiff, RENEE SWINDLE, by and through her attorneys, SHERWOOD LAW GROUP LLC, hereby prays for judgment against Defendant, TA TRUCK SERVICE for a sum of money in excess of Fifty Thousand Dollars ($50,000.00).



* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM    2021L005423

## COUNT XI: WESLEY SWINDLE PRODUCTS LIABILITY v. TA TRUCK SERVICE

118.    On and before June 15, 2019, TA TRUCK SERVICE manufactured and produced various Semi-Trucks, or parts of the Semi-Truck, which were rented, leased, and purchased by Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, to be used on the Semi-Truck.

119.    On and before June 15, 2019, TA TRUCK SERVICE contracted with Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, for the purpose of using its Semi-Truck and Rubber Tires/Steering.

120.    On and before June 15, 2019, Defendant, TA TRUCK SERVICE by and through its agents, servants, and employees, was responsible for manufacturing and the production of the Semi-Truck and Rubber Tires/Steering rented, leased, and purchased by Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING.

121.    On and before June 15, 2019, Defendant, TA TRUCK SERVICE through its agents, servants, and employees, owed a duty of reasonable care in the manufacturing, construction, design, and installation of the Semi-Truck and Rubber Tires/Steering rented, leased, and purchased by Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING.



FILED DATE: 5/26/2021 2:34 PM 2021L005423

122.    Notwithstanding this duty, on and before June 15, 2019, the Defendant, TA

TRUCK SERVICE by and through its agents, servants, and employees, was then and there guilty

of one or more of the following acts and/or omissions:

    a.    Failed to properly manufacture and produce a safe and suitable Semi-Truck and Rubber Tires/Steering;

    b.    Failed to properly test the Semi-Truck and Rubber Tires/Steering to ensure that it was safe and suitable for use by the Plaintiff, and other prospective users;

    c.    Failed to Provide Plaintiff safe and suitable Semi-Truck and Rubber Tires/Steering when it knew or should have known that Plaintiff, and other prospective users, would be using the Rubber Tires/Steering;

    d.    Failed to warn the Plaintiff of the dangerous condition the Semi-Truck and Rubber Tires/Steering, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

    e.    Failed to install and use a functioning braking system and weight distribution on the Semi-Truck and Rubber Tires/Steering which would have prevented a hazard;

    f.    The Semi-Truck and Rubber Tires/Steering were designed, manufactured, and sold without the ability to function safely and properly;

    g.    Failed to inspect the Semi-Truck and Rubber Tires/Steering to ensure that they were safe and suitable for use by the Plaintiff, and other prospective users and customers;

    h.    Failed to repair the Semi-Truck and Rubber Tires/Steering to ensure that they were safe and suitable for use by the Plaintiff, and other prospective customers; or

    i.    Was otherwise careless and/or negligent in the manufacturing, production, sale, repair, maintenance, delivery, installation, care, lease, and use of the Semi-Truck and Rubber Tires/Steering.

123.    These unreasonably dangerous conditions existed at the time the Semi-Truck and

Rubber Tires/Steering left the control of TA TRUCK SERVICE.

124.    That as a direct and proximate result of the aforesaid, the Plaintiff, WESLEY

SWINDLE, suffered diverse injuries, both internally and externally, of a permanent and lasting

nature, which have caused and will continue to cause pain in body and mind; that the Plaintiff was

caused to spend and in the future will be compelled to expend, large sums of money in endeavoring

to be cured of said injuries; that the Plaintiff was caused to and did lose much time from his

employment, thereby incurring losses of large sums of money; including wage loss and the

Plaintiff has been and in the future will be prevented from attending to his usual affairs and duties



* 5 0 0 8 1 0 2 7 *

WHEREFORE, Plaintiff, WESLEY SWINDLE, by and through his attorneys, SHERWOOD LAW GROUP LLC, hereby prays for judgment against Defendant, TA TRUCK SERVICE for a sum of money in excess of Fifty Thousand Dollars ($50,000.00).

### COUNT XII: RENEE SWINDLE PRODUCTS LIABILITY v. TA TRUCK SERVICE

125.    On and before June 15, 2019, TA TRUCK SERVICE manufactured and produced various Semi-Trucks, or parts of the Semi-Truck, which were rented, leased, and purchased by Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, to be used on the Semi-Truck.

126.    On and before June 15, 2019, TA TRUCK SERVICE contracted with Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, for the purpose of using its Semi-Truck and Rubber Tires/Steering.

127.    On and before June 15, 2019, Defendant, TA TRUCK SERVICE by and through its agents, servants, and employees, was responsible for manufacturing and the production of the Semi-Truck and Rubber Tires/Steering rented, leased, and purchased by Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), and QUEST GLOBAL, INC., d/b/a QUEST TRUCKING.

128.    On and before June 15, 2019, Defendant, TA TRUCK SERVICE through its agents, servants, and employees, owed a duty of reasonable care in the manufacturing, construction, design, and installation of the Semi-Truck and Rubber Tires/Steering rented, leased, and purchased by Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA OPERATING,

FILED DATE: 5/26/2021 2:34 PM   2021L005423

* 5 0 0 8 1 0 2 7 *

LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), and QUEST GLOBAL, INC., d/b/a

QUEST TRUCKING.

129.     Notwithstanding this duty, on and before June 15, 2019, the Defendant, TA

TRUCK SERVICE by and through its agents, servants, and employees, was then and there guilty

of one or more of the following acts and/or omissions:

a.  Failed to properly manufacture and produce a safe and suitable Semi-Truck and Rubber Tires/Steering;

b.  Failed to properly test the Semi-Truck and Rubber Tires/Steering to ensure that it was safe and suitable for use by the Plaintiff, and other prospective users;

c.  Failed to Provide Plaintiff safe and suitable Semi-Truck and Rubber Tires/Steering when it knew or should have known that Plaintiff, and other prospective users, would be using the Rubber Tires/Steering;

d.  Failed to warn the Plaintiff of the dangerous condition the Semi-Truck and Rubber Tires/Steering, when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

e.  Failed to install and use a functioning braking system and weight distribution on the Semi-Truck and Rubber Tires/Steering which would have prevented a hazard;

f.  The Semi-Truck and Rubber Tires/Steering were designed, manufactured, and sold without the ability to function safely and properly;

g.  Failed to inspect the Semi-Truck and Rubber Tires/Steering to ensure that they were safe and suitable for use by the Plaintiff, and other prospective users and customers;

h.  Failed to repair the Semi-Truck and Rubber Tires/Steering to ensure that they were safe and suitable for use by the Plaintiff, and other prospective customers; or

i.  Was otherwise careless and/or negligent in the manufacturing, production, sale, repair, maintenance, delivery, installation, care, lease, and use of the Semi-Truck and Rubber Tires/Steering.

130.     These unreasonably dangerous conditions existed at the time the Semi-Truck and

Rubber Tires/Steering left the control of TA TRUCK SERVICE.

131.     That as a direct and proximate result of the aforesaid, the Plaintiff, RENEE

SWINDLE, suffered diverse injuries, both internally and externally, of a permanent and lasting

nature, which have caused and will continue to cause pain in body and mind; that the Plaintiff was

caused to spend and in the future will be compelled to expend, large sums of money in endeavoring

to be cured of said injuries; that the Plaintiff was caused to and did lose much time from her

FILED DATE: 5/26/2021 2:34 PM   2021L005423



* 5 0 0 8 1 0 2 7 *

employment, thereby incurring losses of large sums of money; including wage loss and the Plaintiff has been and in the future will be prevented from attending to her usual affairs and duties.

WHEREFORE, Plaintiff, RENEE SWINDLE, by and through her attorneys, SHERWOOD LAW GROUP LLC, hereby prays for judgment against Defendant, TA TRUCK SERVICE, for a sum of money in excess of Fifty Thousand Dollars ($50,000.00).

### COUNT XIII: WESLEY SWINDLE WILFUL AND WANTON v. QUEST GLOBAL, INC., d/b/a QUEST TRUCKING

132.    Plaintiff, WESLEY SWINDLE, re-alleges paragraphs one (1) through eleven (11) of the General Allegations as one hundred thirty-two (132) of Count XIII.

133.    On and before June 15, 2019, and at all relevant times, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING staffed employees for, owned, leased, maintained, possessed, operated and/or managed the Semi-Truck and Rubber Tires/Steering.

134.    At the aforementioned time and place and prior thereto, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, knowing its duty to maintain a safe Semi-Truck and Rubber Tires/Steering for employees and drivers, carelessly and negligently caused and permitted said Semi-Truck and Rubber Tires/Steering to become and remain in dangerous condition for persons driving the aforementioned vehicle.

135.    QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, knew, or in the exercise of ordinary care, should have known, that the Semi-Truck and Rubber Tires/Steering were in disrepair and posed a danger to property employees and drivers.



* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM    2021L005423

136.    On or before June 15, 2019, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, had notice and knowledge that the Semi-Truck and Rubber Tires had malfunctioned and were not aligned, functioning, or otherwise repaired properly and in compliance with safety codes.

137.    On or before June 15, 2019, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, had notice and knowledge that the Semi-Truck and Rubber Tires were manufactured, produced, supplied, installed in a dangerous and hazardous condition and not in compliance with state and federal safety standards.

138.    On or before June 15, 2019, Defendants, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, hired a third party or was otherwise responsible for the construction, installation, repair, inspection, and maintenance of the Semi-Truck and Rubber Tires/Steering.

139.    On or about June 15, 2019, and at all relevant times, the Semi-Truck and Rubber Tires/Steering were not secure, safe for use, had a failed braking system, were inherently dangerous, not positioned or constructed to code, violated OSHA or other state or federal safety standards, and/or created an unnecessarily dangerous working environment for the Plaintiff, WESLEY SWINDLE.

140.    On or about June 15, 2019, and at all relevant times, Defendants, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, had knowledge or reasonably should have known that the Semi-Truck and Rubber Tires/Steering had been constructed and/or installed and/or maintained and/or repair and/or inspected in a negligent manner.

141.    On or about June 15, 2019, and at all relevant times, Defendants, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, had knowledge or reasonably should have known that co-Defendants YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), and TA TRUCK



* 5 0 0 8 1 0 2 7 *

SERVICES, had previously failed repairs, improperly installed equipment, or malfunctioning steering and wheels on the Semi-Truck.

142. Prior to June 15, 2019, and at all relevant times, it was foreseeable that an individual such as Plaintiff, WESLEY SWINDLE, would be driving the Semi-Truck with the Rubber Tires/Steering.

143. At all relevant times, Defendants, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, had a duty to exercise reasonable care in the construction and/or installation and/or maintenance and/or repairs and/or inspection of the Semi-Truck and Rubber Tires/Steering and placement of its employees to use the Semi-Truck and Rubber Tires/Steering so as not to create an unreasonable risk of injury to foreseeable individuals such as Plaintiff, WESLEY SWINDLE.

144. Defendant, QUEST GLOBAL, INC., D/B/A QUEST TRUCKING, knowingly and intentionally modified, altered, repaired, inspected, produced, or maintained the Semi-Truck and Rubber Tires/Steering in an unsafe and improper condition.

145. Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, knowingly and intentionally required Plaintiff to drive the Semi-Truck with the Rubber Tires/Steering despite knowledge that it had been modified, altered, repaired, inspected, produced, or maintained in a dangerous condition.

146. Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, knowingly and intentionally required a quota of Plaintiff despite knowledge that the Semi-Truck and Rubber Tires/Steering had been modified, altered, repaired, inspected, produced, or maintained in a dangerous condition.

147. Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, knowingly and intentionally improperly trained Plaintiff to use the Semi-Truck and Rubber Tires/Steering.

FILED DATE: 5/26/2021 2:34 PM 2021L005423

36



* 5 0 0 8 1 0 2 7 *

148.    On June 15, 2019, Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, knew that the Semi-Truck and Rubber Tires/Steering were in an unsafe condition and intentionally required Plaintiff to work on the Semi Truck and meet a quota.

149.    Said injury to Plaintiff was the type of injury that was expected and contemplated by Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, when they knowingly and intentionally modified, altered, repaired, inspected, produced, or maintained the Semi-Truck and Rubber Tires/Steering in a dangerous condition.

150.    Plaintiff's injury was not accidental, and occurred as a result of Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING's, willful and wanton conduct.

151.    Despite Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING's, knowledge that the dangerous condition of the Semi-Truck and Rubber Tires/Steering would cause this exact injury, Defendant knowingly and intentionally required Plaintiff to drive the Semi-Truck.

152.    Despite Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING's, knowledge that the condition of the Semi-Truck and Rubber Tires/Steering would cause this exact injury, Defendant knowingly and intentionally improperly trained Plaintiff to drive the Semi-Truck in order to increase production and meet quotas.

153.    Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, controlled the work, portions of the work, the production and/or production output of the Plaintiff, WESLEY SWINDLE.

154.    Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, intentionally and recklessly required Plaintiff to drive the Semi-Truck when they knew that other employees had become injured on vehicles which were not inspected, maintained, repaired, or controlled properly.

FILED DATE: 5/26/2021 2:34 PM    2021L005423

* 5 0 0 8 1 0 2 7 *

155.    Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, knew that Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), and TA TRUCK SERVICES, were misusing the Semi-Truck and Rubber Tires/Steering to increase production and intentionally and recklessly required Plaintiff to drive in unsafe conditions.

156.    Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, knew that the Semi-Truck and Rubber Tires/Steering had been altered and/or was being misused, and intentionally and recklessly placed Plaintiff, WESLEY SWINDLE, to drive.

157.    Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, knew that Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), and TA TRUCK SERVICES were requiring the misuse of the Semi-Truck and placed Plaintiff to drive said vehicle.

158.    Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING intentionally and recklessly caused Plaintiff's injuries by requiring him to drive the Semi-Truck when they knew that its use would cause this injury.

159.    Notwithstanding its duties, the Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING by and through its employees, agents, servants, or employees was then and there guilty of one or more of the following willful and wonton acts and/or omissions:

      a.  Knowingly and intentionally permitted the Rubber Tires/Steering on the Semi-Truck to remain in an unreasonably dangerous condition, which the Defendants knew, or upon the reasonable exercise of care, would have known to have existed;

      b.  Knowingly and intentionally failed to repair, inspect, modify, or secure Rubber Tires/Steering on the Semi-Truck despite having notice of an unreasonably dangerous condition;

      c.  Knowingly and intentionally failed to install and use a functioning braking system and weight distribution on the Semi-Truck and Rubber Tires/Steering which would have prevented a hazard;

      d.  Knowingly and intentionally failed to install safety features to the Semi-Truck and Rubber Tires/Steering to prevent a hazard;

FILED DATE: 5/26/2021 2:34 PM   2021L005423

* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM   2021L005423

e. Knowingly and intentionally failed to inspect, maintain, install, and repair Rubber Tires/Steering on the Semi-Truck to prevent a dangerous and hazardous condition;

f. Knowingly and intentionally failed to train and supervise an employee;

g. Knowingly and intentionally requiring an employee to use a Semi-Truck when the Semi-Truck and Rubber Tires/Steering were dangerous and hazardous;

h. Knowingly and intentionally modified, altered, or maintained the Semi-Truck and Rubber Tires/Steering in an unsafe and improper condition;

i. Knowingly and intentionally required Plaintiff to drive the Semi-Truck despite knowledge that it had been modified, altered, repaired, inspected, produced, or maintained in a dangerous and improper condition;

j. Knowingly and intentionally required a quota despite knowledge that the Semi-Truck and Rubber Tires/Steering had been modified, altered, repaired, inspected, produced, or maintained in a dangerous and improper condition;

k. Knowingly and intentionally improperly trained Plaintiff in order to increase production;

l. Knowingly and intentionally staffed employees to drive the Semi-Truck including the Plaintiff despite notice of dangerous and hazardous driving conditions;

m. Knowingly and intentionally staffed employees to drive the Semi-Truck including the Plaintiff despite notice of OSHA violations;

n. Knowingly and intentionally staffed employees to drive the Semi-Truck including the Plaintiff despite notice of its vehicles not receiving proper inspection and/or repair; and

o. Was otherwise willful and wanton in its failures to properly secure, inspect, maintain, repair, replace, or construct the Semi-Truck and Rubber Tires/Steering.

160.    That as a direct and proximate result of the aforesaid, the Plaintiff, WESLEY SWINDLE, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; that the Plaintiff was caused to spend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; that the Plaintiff was caused to and did lose much time from his employment, thereby incurring losses of large sums of money; including wage loss and the Plaintiff has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, Plaintiff, WESLEY SWINDLE, by and through his attorneys, SHERWOOD LAW GROUP LLC, hereby prays for judgment against Defendants,



* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM 2021L005423

QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, for a sum of money in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT XIV: RENEE SWINDLE WILFUL AND
## WANTON v. QUEST GLOBAL, INC., d/b/a QUEST TRUCKING

161.    Plaintiff, RENEE SWINDLE, re-alleges paragraphs one (1) through eleven (11) of the General Allegations as one hundred sixty-one (161) of Count XIV.

162.    On and before June 15, 2019, and at all relevant times, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING staffed employees for, owned, leased, maintained, possessed, operated and/or managed the Semi-Truck and Rubber Tires/Steering.

163.    At the aforementioned time and place and prior thereto, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, knowing its duty to maintain a safe Semi-Truck and Rubber Tires/Steering for employees and drivers, carelessly and negligently caused and permitted said Semi-Truck and Rubber Tires/Steering to become and remain in dangerous condition for persons driving the aforementioned vehicle.

164.    QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, knew, or in the exercise of ordinary care, should have known, that the Semi-Truck and Rubber Tires/Steering were in disrepair and posed a danger to property employees and drivers.

165.    On or before June 15, 2019, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, had notice and knowledge that the Semi-Truck and Rubber Tires had malfunctioned and were not aligned, functioning, or otherwise repaired properly and in compliance with safety codes.

166.    On or before June 15, 2019, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, had notice and knowledge that the Semi-Truck and Rubber Tires were manufactured,

* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM  2021L005423

produced, supplied, installed in a dangerous and hazardous condition and not in compliance with state and federal safety standards.

167.     On or before June 15, 2019, Defendants, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, hired a third party or was otherwise responsible for the construction, installation, repair, inspection, and maintenance of the Semi-Truck and Rubber Tires/Steering.

168.     On or about June 15, 2019, and at all relevant times, the Semi-Truck and Rubber Tires/Steering were not secure, safe for use, had a failed braking system, were inherently dangerous, not positioned or constructed to code, violated OSHA or other state or federal safety standards, and/or created an unnecessarily dangerous working environment for the Plaintiff, RENEE SWINDLE.

169.     On or about June 15, 2019, and at all relevant times, Defendants, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, had knowledge or reasonably should have known that the Semi-Truck and Rubber Tires/Steering had been constructed and/or installed and/or maintained and/or repair and/or inspected in a negligent manner.

170.     On or about June 15, 2019, and at all relevant times, Defendants, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, had knowledge or reasonably should have known that co-Defendants YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), and TA TRUCK SERVICES, had previously failed repairs, improperly installed equipment, or malfunctioning steering and wheels on the Semi-Truck.

171.     Prior to June 15, 2019, and at all relevant times, it was foreseeable that an individual such as Plaintiff, RENEE SWINDLE, would be driving the Semi-Truck with the Rubber Tires/Steering.



* 5 0 0 8 1 0 2 7 *

172.     At all relevant times, Defendants, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, had a duty to exercise reasonable care in the construction and/or installation and/or maintenance and/or repairs and/or inspection of the Semi-Truck and Rubber Tires/Steering and placement of its employees to use the Semi-Truck and Rubber Tires/Steering so as not to create an unreasonable risk of injury to foreseeable individuals such as Plaintiff, RENEE SWINDLE.

173.     Defendant, QUEST GLOBAL, INC., D/B/A QUEST TRUCKING, knowingly and intentionally modified, altered, repaired, inspected, produced, or maintained the Semi-Truck and Rubber Tires/Steering in an unsafe and improper condition.

174.     Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, knowingly and intentionally required Plaintiff to drive the Semi-Truck with the Rubber Tires/Steering despite knowledge that it had been modified, altered, repaired, inspected, produced, or maintained in a dangerous condition.

175.     Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, knowingly and intentionally required a quota of Plaintiff despite knowledge that the Semi-Truck and Rubber Tires/Steering had been modified, altered, repaired, inspected, produced, or maintained in a dangerous condition.

176.     Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, knowingly and intentionally improperly trained Plaintiff to use the Semi-Truck and Rubber Tires/Steering.

177.     On June 15, 2019, Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, knew that the Semi-Truck and Rubber Tires/Steering were in an unsafe condition and intentionally required Plaintiff to work on the Semi Truck and meet a quota.

178.     Said injury to Plaintiff was the type of injury that was expected and contemplated by Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, when they knowingly

FILED DATE: 5/26/2021 2:34 PM   2021L005423



* 5 0 0 8 1 0 2 7 *

and intentionally modified, altered, repaired, inspected, produced, or maintained the Semi-Truck and Rubber Tires/Steering in a dangerous condition.

179.     Plaintiff's injury was not accidental, and occurred as a result of Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING's, willful and wanton conduct.

180.     Despite Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING's, knowledge that the dangerous condition of the Semi-Truck and Rubber Tires/Steering would cause this exact injury, Defendant knowingly and intentionally required Plaintiff to drive the Semi-Truck.

181.     Despite Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING's, knowledge that the condition of the Semi-Truck and Rubber Tires/Steering would cause this exact injury, Defendant knowingly and intentionally improperly trained Plaintiff to drive the Semi-Truck in order to increase production and meet quotas.

182.     Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, controlled the work, portions of the work, the production and/or production output of the Plaintiff, RENEE SWINDLE.

183.     Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, intentionally and recklessly required Plaintiff to drive the Semi-Truck when they knew that other employees had become injured on vehicles which were not inspected, maintained, repaired, or controlled properly.

184.     Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, knew that Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), and TA TRUCK SERVICES, were misusing the Semi-Truck and Rubber Tires/Steering to increase production and intentionally and recklessly required Plaintiff to drive in unsafe conditions.

43

* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM    2021L005423

185.    Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, knew that the Semi-Truck and Rubber Tires/Steering had been altered and/or was being misused, and intentionally and recklessly placed Plaintiff, RENEE SWINDLE, to drive.

186.    Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, knew that Defendants, YOKOHAMA TIRE CORPORATION a/k/a YOKOHAMA, TA OPERATING, LLC, d/b/a TRAVELCENTERS OF AMERICA, LLC, (TCA), and TA TRUCK SERVICES were requiring the misuse of the Semi-Truck and placed Plaintiff to drive said vehicle.

187.    Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING intentionally and recklessly caused Plaintiff's injuries by requiring him to drive the Semi-Truck when they knew that its use would cause this injury.

188.    Notwithstanding its duties, the Defendant, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING by and through its employees, agents, servants, or employees was then and there guilty of one or more of the following willful and wonton acts and/or omissions:

    a.  Knowingly and intentionally permitted the Rubber Tires/Steering on the Semi-Truck to remain in an unreasonably dangerous condition, which the Defendants knew, or upon the reasonable exercise of care, would have known to have existed;

    b.  Knowingly and intentionally failed to repair, inspect, modify, or secure Rubber Tires/Steering on the Semi-Truck despite having notice of an unreasonably dangerous condition;

    c.  Knowingly and intentionally failed to install and use a functioning braking system and weight distribution on the Semi-Truck and Rubber Tires/Steering which would have prevented a hazard;

    d.  Knowingly and intentionally failed to install safety features to the Semi-Truck and Rubber Tires/Steering to prevent a hazard;

    e.  Knowingly and intentionally failed to inspect, maintain, install, and repair Rubber Tires/Steering on the Semi-Truck to prevent a dangerous and hazardous condition;

    f.  Knowingly and intentionally failed to train and supervise an employee;

    g.  Knowingly and intentionally requiring an employee to use a Semi-Truck when the Semi-Truck and Rubber Tires/Steering were dangerous and hazardous;

    h.  Knowingly and intentionally modified, altered, or maintained the Semi-Truck and Rubber Tires/Steering in an unsafe and improper condition;



FILED DATE: 5/26/2021 2:34 PM 2021L005423

 i. Knowingly and intentionally required Plaintiff to drive the Semi-Truck despite knowledge that it had been modified, altered, repaired, inspected, produced, or maintained in a dangerous and improper condition;

 j. Knowingly and intentionally required a quota despite knowledge that the Semi-Truck and Rubber Tires/Steering had been modified, altered, repaired, inspected, produced, or maintained in a dangerous and improper condition;

 k. Knowingly and intentionally improperly trained Plaintiff in order to increase production;

 l. Knowingly and intentionally staffed employees to drive the Semi-Truck including the Plaintiff despite notice of dangerous and hazardous driving conditions;

 m. Knowingly and intentionally staffed employees to drive the Semi-Truck including the Plaintiff despite notice of OSHA violations;

 n. Knowingly and intentionally staffed employees to drive the Semi-Truck including the Plaintiff despite notice of its vehicles not receiving proper inspection and/or repair; and

 o. Was otherwise willful and wanton in its failures to properly secure, inspect, maintain, repair, replace, or construct the Semi-Truck and Rubber Tires/Steering.

189. That as a direct and proximate result of the aforesaid, the Plaintiff, RENEE SWINDLE, suffered diverse injuries, both internally and externally, of a permanent and lasting nature, which have caused and will continue to cause pain in body and mind; that the Plaintiff was caused to spend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; that the Plaintiff was caused to and did lose much time from his employment, thereby incurring losses of large sums of money; including wage loss and the Plaintiff has been and in the future will be prevented from attending to his usual affairs and duties.

WHEREFORE, Plaintiff, RENEE SWINDLE, by and through his attorneys, SHERWOOD LAW GROUP LLC, hereby prays for judgment against Defendants, QUEST GLOBAL, INC., d/b/a QUEST TRUCKING, for a sum of money in excess of Fifty Thousand Dollars ($50,000.00).



* 5 0 0 8 1 0 2 7 *

FILED DATE: 5/26/2021 2:34 PM    2021L005423

Respectfully Submitted,

**SHERWOOD LAW GROUP, LLC**

By:    _Brett N. Kaplan_
_____

**BRETT N. KAPLAN**
bnk@sherwoodlawgroup.com

**JASON H. SHERWOOD**
**BRETT N. KAPLAN**
**SHERWOOD LAW GROUP, LLC**
218 N. Jefferson, Suite #401
Chicago, Illinois 60661
Phone: 312.627.1650
Fax: 312.648.9503
Attorney No. 47294